In re Tawanna Irene
**COLBERT, Debtor.**

**Bankruptcy No. 85–00153.**

United States Bankruptcy Court,
District of Columbia.

Feb. 3, 1986.

Stanley M. Salus, A. Michael Frucci, Washington, D.C., for debtor.

Gilbert L. Sussman, Silver Spring, Md., for General Motors Acceptance Corp.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

The Debtor has filed two motions, one under 11 U.S.C. § 522(f) to avoid the lien held by Fleet Finance Co., Inc./Credico Financial, Inc. ("Fleet") on her household furnishings and goods and on her car, and the other under 11 U.S.C. § 722 to redeem the same property not only from Fleet's lien but from all other lienors, "whether known or unknown." Fleet, the only party served, has not opposed the first motion. The second motion was served on Fleet and General Motors Acceptance Corp. ("GMAC"), but on no other entity; neither Fleet nor GMAC has opposed that motion.

The first motion, to avoid Fleet's lien, will be granted, insofar as it relates to

household furnishings and goods, based on the Debtor's unchallenged allegation that Fleet's lien is a nonpossessory, non-purchase money security interest and based on the Debtor's unchallenged claim of exemption as to all of that property.

However, § 522(f) does not permit avoidance of a lien on a car. The language of § 522(f)(2)(A), permitting lien avoidance, tracks precisely the language of § 522(d)(3) and (4) and, significantly, omits § 522(d)(2)'s reference to "one motor vehicle."[1] This Court cannot assume, in the face of the precision of this tracking of the same language within the text of two subsections of a single section of the Bankruptcy Code, that the omission was unintentional. Therefore, it follows that Congress intended to exclude motor vehicles from the class of items subject to lien avoidance under § 522(f).

Since the Court is granting the Debtor's first motion, to avoid Fleet's lien on household furnishings and goods, the Debtor's second motion, to redeem, is moot insofar as it relates to Fleet's lien on those items. In addition, GMAC has a purchase-money first lien on the Debtor's car, and GMAC and the Debtor have presented to the Court a Consent Order, which the Court signed on September 30, 1985, and which has the effect of permitting the Debtor to redeem the car from GMAC's lien by making regular monthly payments in the amounts set forth in that Order. Thus, the motion to redeem is also moot as to GMAC's lien.

Due process of law will not permit the motion to redeem to be granted as against any other "known or unknown" entities, simply because of lack of any form of notice to any such entities. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949).

The only other matter left for disposition is the Debtor's motion to redeem the car from Fleet's lien. In order to redeem under § 722 a debtor must pay the lienholder a sum of money. That sum is "the amount of the allowed secured claim of such holder that is secured by such lien." However, no information has been presented to this Court in suitable form whereby it might determine the appropriate amount of money, if any, to be paid to Fleet. The Debtor's schedules indicate that there may be no equity above the amount of GMAC's purchase money lien, in which event no amount at all would need to be paid to Fleet. However, no such allegation is contained in the Debtor's motion to redeem.

Moreover, it would seem that, when a debtor asserts that no amount at all is payable, the debtor should, rather than filing a motion to redeem, either (1) file a motion to "determine the value of a claim secured by a lien," pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012, or (2) file an "objection to the allowance" of the claim as a secured claim, without prejudice to its allowance as an unsecured claim, pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3007,[2] or (3) in appropriate

---

1. Section 522(f)(2)(A) permits lien avoidance as to:

   household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

   Section 522(d) lists all the categories of items that may be exempted by a debtor under federal bankruptcy law.

   Section 522(d)(3) and (4) contain precisely the same lengthy list of items in precisely the same order as in § 522(f)(2)(A). Thus:

   (3) ... household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or

   household use of the debtor or a dependent of the debtor.

   (4) ... jewelry held primarily for the personal family, or household use of the debtor or a dependent of the debtor.

   Section 522(d)(2) lists "one motor vehicle" as a separate category.

2. If the creditor has not filed a proof of claim, as may well be so in a "no asset" case, then the Debtor may exercise the right granted by Bankruptcy Rule 3004 to file a claim "in the name of the creditor." If the proof of claim as filed by the Debtor asserts that the claim is unsecured, the creditor will have the right under Rule 3004 to file a superseding proof of claim, asserting that the claim is secured; and the Debtor can then object to that proof of claim.

circumstances file a complaint commencing an adversary proceeding under Bankruptcy Rule 7001(2) "to determine the validity, priority, or extent of a lien."[3]

NOW THEREFORE IT IS ORDERED that the Debtor's motion to avoid the lien of Fleet Finance Co., Inc./Credico Financial, Inc. is GRANTED insofar as it relates to Fleet's lien on the Debtor's household furnishings and goods and DENIED insofar as it relates to Fleet's lien on the Debtor's car; and it is further

ORDERED that the Debtor's motion to redeem is DENIED as moot insofar as it relates to Fleet's lien on household furnishings and goods and insofar as it relates to GMAC's lien on the Debtor's car, and is DENIED WITHOUT PREJUDICE to the Debtor's seeking other forms of relief insofar as it relates to Fleet's lien on the Debtor's car and insofar as it relates to any other "known or unknown" lienors.

---

**3.** Such circumstances requiring the more formal procedures specified in Part VII of the Bankruptcy Rules might include instances in which (i) a Debtor claims a deed of trust is *invalid* under the local usury law or under the federal truth in lending law, or (ii) controversy exists as to *priority* among a tax lien, a judgment lien and a consensual lien, or (iii) controversy exists as to whether a lien *extends* to after-acquired property or as to proceeds of collateral.